UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COMMITTEE OF TORT LITIGANTS and MICHAEL SHEA,<br><br>       Plaintiffs,<br><br>  vs.<br><br>THE CATHOLIC DIOCESE OF SPOKANE, et al.,<br><br>       Defendants. | NO. CV–05-0274-JLQ<br><br>MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS; ORDER SETTING BRIEFING SCHEDULE ON BANKRUPTCY COURT ORDERS |

**Before The Court** is Defendant Individual Parishes and St. Phillip's Villa Inc.'s (Parishes) Motion to Dismiss the Committee of Tort Litigants' (Committee's) Adversary Complaint in the Diocese's underlying bankruptcy proceeding. The Defendant Catholic Diocese of Spokane (Diocese) has joined in this motion. Also **Before the Court** is Defendant Diocese's Motion to Dismiss Plaintiff Michael Shea's Adversary Complaint. Oral argument was heard on January 17, 2006. John D. Munding appeared on behalf of the Parishes. John W. Campbell and James Stang appeared on behalf of the Committee. Gerald Kobluk appeared on behalf of the Diocese. Frank Conklin appeared on behalf of Plaintiff Michael Shea. Having reviewed the record, heard argument, and being fully advised in this matter, **It Is Hereby Ordered** that the Parishes' Motion to Dismiss the Committee's Complaint and the Diocese's Motion To Dismiss Michael Shea's Complaint are **Denied.**

## Background

A number of tort claimants, including Michael Shea, filed suit in State court against the Spokane Diocese for alleged sexual abuse by parish priests. On December 6, 2004, William S. Skylstad, as Bishop of the Catholic Church of the Spokane Diocese and

as successor-in-interest to the incorporator of the Catholic Bishop of Spokane, Washington, a corporation sole, placed the corporation sole in a Chapter 11 bankruptcy proceeding listing a number of individual Parishes as unsecured creditors based on funds previously deposited by individual parishes with the Diocesan Deposit and Loan Fund (D & L Fund). The real property of the individual parishes was listed by the Debtor as property held for another person.

On December 22, 2004, Plaintiff Michel Shea filed an adversary proceeding against the Diocese in the bankruptcy claiming that the parishes, schools, cemeteries and other members of the diocesan family have no ownership interest in the property, and that all of the parish churches, schools, cemeteries, etc. property is owned outright by the Diocese without any interest therein being held by the parishes. On February 2, 2005, the Office of the United States Trustee appointee a Tort Litigants Committee(Committee)  comprised of tort claimants, including Michael Shea. Another committee was appointed by the U.S. Trustee  to represent Future Tort  Claimants, made up of those individuals claiming child abuse by priests, but who had not yet filed lawsuits.

On February 4, 2005, the Tort Litigants Committee filed an adversary proceeding against the Diocese and non-debtor individual parishes.   Both adversary proceedings, that brought by Plaintiff Shea and subsequently that brought by the Committee, sought to declare the parish's real and personal property to be the property of the bankruptcy debtor Diocese's estate, free and clear of any claim of a parish. The association of the individual parishes (Association) filed a Motion to Dismiss.  The Diocese and some non-parish Defendants, including St. Philip's Villa, Inc. also joined in this  Motion to Dismiss. Subsequently, the Plaintiffs filed a Motion for Partial Summary Judgement and the debtor Diocese filed a Cross-Motion for Summary Judgment.

On August 26, 2005, Bankruptcy Judge Patricia C. Williams denied the various Motions to Dismiss, granted the Plaintiff's Motion for Partial Summary Judgment and denied the Diocese's Cross-Motion for Summary Judgment.  Those rulings have been appealed to this court. Only the rulings on the Motions to Dismiss are before the court at

this time. The rulings on the Motions for Summary Judgment will be addressed at a later date. Judge Williams's Orders only dealt with 22 of the 83 individual parishes, schools, and cemeteries properties. Judge Williams granted Summary Judgment holding that the real property of the 22 parish, school and cemeteries were owned by the Diocese free and clear of any claim of the parishes. Whether the other 61 individual parishes, schools, and cemeteries are subject to the same rulings is still before the Bankruptcy Court.

## Discussion

As a preliminary matter, the court reminds the parties to keep in mind that this court has not removed the bankruptcy proceedings from the Bankruptcy Court and is only hearing the appeals of the August 26, 2005 rulings of the Bankruptcy Court.

The Association of Parishes, pursuant to an oral ruling of this court, has filed a Motion to Dismiss in this court arguing that the Committee has no standing to bring the adversary action and that the Bankruptcy Court never authorized the filing of their action. The Association also contends that the Bankruptcy Court, being an Article I rather than Article III court, has no jurisdiction over the adversary proceedings. The Association further argues that because the individual parishes are non debtors, there is no jurisdiction over them in Bankruptcy Court.

The Diocese filed a Motion to Dismiss the Shea adversary complaint, relying upon the same jurisdictional and standing arguments presented by the Committee, but also contending that because Mr. Shea is a part of the Committee, his interest is represented by the Committee, thus precluding his individual action.

The basic jurisdictional and standing statutes applicable in this case are summarized as follows:

28 U.S.C. § 1134 provides:

(a) The district court (and now the bankruptcy court of this district pursuant to the General Order of the judges of this district court referring Title 11 cases to the bankruptcy court) shall have original and exclusive jurisdiction of all cases under Title 11.

(b) District courts (and in this district the bankruptcy court) shall have original, but not exclusive jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11.

ORDER DENYING MOTIONS TO DISMISS, *INTER ALIA*--3

28 U.S.C. § 157(a) authorizes Article III district courts to order that any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 be referred to the bankruptcy judges of the district. The Article III judges of this district have so ordered.

28 U.S.C. § 157(b)(1) authorizes bankruptcy judges, pursuant to district court authorization, to hear and determine Title 11 cases, including core proceedings, subject to review by the district court or in this district if all parties consent, by the Bankruptcy Appellate Panel. In this case not all parties have consented to review by the Bankruptcy Appellate Panel.

28 U.S.C. § 157(b)(2) defines core proceedings to include (A) **matters concerning the administration of the estate and (E) orders to turn over property of the estate**. This court is satisfied that the adversary proceedings in the Bankruptcy Court are core proceedings, similar to an action construed to be a turn-over action. *See Kinkaid & John Hancock v. Watson,* 917 F.2d 1162 (9th Cir. 1990). Under the circumstances of this case, a Chapter 11 reorganization proceeding, it is essential that the creditors and the court know what the assets of the estate are in order to vote and rule upon a Chapter 11 reorganization plan.

11 U.S.C. § 1102(a)(1) provides in relevant part that the United States trustee shall appoint a committee of creditors as the trustee deems appropriate. The Tort Litigants Committee has been duly appointed pursuant to 11 U.S.C. § 1102. 11 U.S.C. § 1103 defines the powers and duties of committees, including the Tort Litigants Committee in this case, as including the power to "(2) investigate the acts, conduct, assets, liabilities and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan;" and (5) "to perform such other services are in the interest of those represented."

11 U.S.C. § 1109 relating to Chapter 11 cases states: "(b) A party in interest, including the debtor, the trustee, **a creditor's committee**, an equity security holder's

committee, **a creditor,** an equity security holder, or any indenture trustee may raise and may appear and be heard on any issue in a case under this chapter."

Clearly it is essential that the assets of the debtor Diocese be determined and the court finds that the foregoing statutes authorize the Committee of Tort Litigants, a creditors' committee, and Mr. Shea, a creditor, to bring these adversary actions in a core proceeding to have the assets of the debtor determined by the court, be it classified as a turn-over action under § 157 (b)(2)(E), one involving the administration of the estate § 157(b)(2)(A), or pursuant to § 1109(b) which authorizes a committee to appear and be heard on any issue before the court. No statute or rule prohibits the Committee or the creditor Shea from bringing such adversary actions.

The Association of Parishes claim that the Committee is not authorized to bring an adversary action against the Diocese and Parishes without first making a demand on the Trustee and if rejected by obtaining an order of the Bankruptcy Court authorizing the initiation of such an action. This issue was not thoroughly addressed in the Bankruptcy Judge's Opinion.

At oral argument before this court on January 17, 2006, the court inquired of counsel as to the existence of any specific statute that directly prohibits creditors from the initiation of the adversary actions to determine the assets of the Debtor's estate, or directly authorizes the initiation of such an action by any party. Counsel for the Association of Parishes stated to the court that a specific statute existed that states that "only the trustee has the power to do that." (See transcript, pages 17 & 18). Counsel relied upon 11 U.S.C. § 544 & 545. However, § 544 only refers to the authority of a trustee to avoid a voidable transfer of property by a debtor and § 545 only refers to the trustee avoiding "the fixing of a statutory lien on property of the debtor . . .". Neither of these statutes applies to the issue before this court and even if so applicable, the statutes do not state "only the trustee." The court understands the argument of Mr. Munding to be that by analogy, the *Hartford* case, *infra*, supports the argument that where a statute refers to the authority of a trustee, **only** the trustee can take that action. However, in this case, there is no specific

statute referring to which parties, if any, may bring an action to determine the assets of the Debtor.

Neither party, nor the court, has found a case directly on point on this specific issue. The Association relies on *Hartford v. Union Planters Bank,* 530 U.S. 1 (2000). However, that case merely held that 11 U.S.C. § 506(c) does not authorize an administrative claimant to recover administrative expenses pursuant to § 506(c), which provides that:

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving or disposing of, such property to the extent of any benefit to the holder of such claim.. . .

*Hartford* involved only the issue as to whether or not an administrative claimant could recover the costs of attempting to preserve property. The Supreme Court merely held that since the statute at issue only referred to "the trustee", the right to recover such costs was limited to the trustee and did not apply to non-trustees. None of the statutes applicable here contain such a limitation. There is no statute that specifically refers to who has the right to bring an adversary proceeding to determine the debtor's assets.

The Association also relies on *In re: Smart World Technologies,* 423 F.3d 166 (2nd Cir. 2005). However, *Smart World* was merely a holding that, absent exceptional circumstances, F.R. B. P. 9019 does not allow the Bankruptcy Court to approve a settlement of a claim pursuant to the request of creditors over the objection of a debtor in possession. Rule 9019 specifically states that "On motion of the debtor in possession and after notice and hearing the court may approve a compromise or settlement." However, the *Smart World* court also held that in certain exceptional cases, such as where the debtor in possession refuses to bring a viable action on behalf of the estate, the Bankruptcy Court could authorize a creditor's committee to pursue the claim. *Id.* at 177. Having read the Bankruptcy Judge's Opinion herein, that court did not specifically authorize the bringing of the adversary action by the Committee or Plaintiff Shea.

The Committee cites the court to an unpublished 6th Circuit case of *Long v. Oak Park,* 117 F.3d 1420 (6th Cir. 1997) affirming a Western District of Michigan Bankruptcy

Court reported decision found at 211 B.R. 232 (1994).  The standing issue was discussed in the *Long* bankruptcy decision, but not in the unpublished 6th Circuit opinion.  The Bankruptcy Court held that an official creditors' committee had standing to bring an adversary proceeding against a non-debtor third party for a determination of estate property under Section 541 of Title 11.  However, this holding by the *Long* Bankruptcy Court was based upon a stipulation of the debtor and the creditor's committee which specifically allowed the committee to pursue the litigation on behalf of the debtor because of a conflict of interest between the debtor and the Defendant.  This stipulation was not specifically mentioned by the Committee in its brief to this court this case, and no such *Long* stipulation existed herein.

As stated, *supra,* in a Chapter 11 reorganization case, it is essential that the creditors and the Bankruptcy Court, know what the assets of the estate are in order to vote and rule upon a Chapter 11 confirmation plan.

In this case, the Committee has been duly appointed pursuant to Section 1102, and Section 1103, which  sets forth the committee's power and duties including the right and duty to investigate the acts, conduct, assets, liabilities, and financial condition of the debtor and to perform such other services that are in the interests of those the committee represents.

No-one on behalf of the Committee or Mr. Shea specifically asked the Bankruptcy Court for permission to bring the adversary actions concerning the ownership of the parish property.  However, it is not essential to the Bankruptcy Court's jurisdiction to decide the action, that specific permission be given to bring an adversary action to determine the assets of the estate.  To hold that the Committee and Shea were first obligated to make demand on the debtor Diocese, and if rejected,  to then obtain the permission of the court would be contrary to the letter and the spirit of the bankruptcy laws and at this stage of the proceedings, requiring such precedent actions would seem to the court  to be a further waste of scarce assets in this case. Also, to hold that only the trustee or debtor may bring an action to determine the assets of the estate, particularly in a debtor in possession

Chapter 11 case, where the debtor has claimed that the parish assets are not part of its bankruptcy estate, would be contrary to the letter and intent of the bankruptcy laws and would prevent the court and the creditors from having full information as to all assets of the debtor in voting and ruling upon a Chapter 11 reorganization plan.

The Debtor Diocese further argues that Mr. Shea is an individual unsecured creditor with an unliquidated claim, who is himself a member of the Committee of Tort Litigants and does not have standing. However, Mr. Shea filed his adversary complaint within two weeks after the bankruptcy was filed. The Committee then filed its adversary complaint two months later. Therefore the argument that Mr. Shea does not have standing because the Committee filed an adversary complaint does not ring true because the Shea adversary action was filed first.

## Conclusion

This is an appeal of a ruling of the Bankruptcy Court denying Motions to Dismiss in a Chapter 11 core proceeding. The court is satisfied that, under the circumstances of this case, where the debtor has not included assets that the creditors contend are assets of the debtor and subject to being sold to satisfy the claimants' claim, the Bankruptcy Court has jurisdiction over the issue and the Committee of Tort Litigants and Plaintiff Shea have standing to raise that issue before the Bankruptcy Court. It is at the heart of a Chapter 11 bankruptcy proceeding as to what the assets are of the debtor, so that the creditors who vote upon a reorganization plan and the Bankruptcy Court can have before it a full understanding of what is available to satisfy the claims of the creditors.

This court would have been more comfortable if the formality of bringing a motion to authorize the filing of the adversary complaints had been presented to the Bankruptcy Court, but I cannot find that it is required in order for the Bankruptcy Court to hear the controversy or for the adversary claimants to have standing. It seems to the court that the Bankruptcy Judge, in her opinion, not only denied the jurisdictional and standing Motions to Dismiss, but also tacitly approved the bringing of the adversary complaints, because if the actions had not been brought, there is no way the creditors and the Court could know

what assets are available for creditors' claims.

Therefore, the Motions to Dismiss filed by the Individual Parishes and the Debtor Diocese are **Denied.**   The rulings of the Bankruptcy Court on the Motions to Dismiss are **Hereby Affirmed.**

## Motions for Summary Judgment

As stated previously, the Bankruptcy Court granted the Committee's Motion for Partial Summary Judgment and denied the Defendants' Cross Motion for Summary Judgment as to the 22 parcels of real property.  The Bankruptcy Court found there were disputed issues of material fact as to the personal property, and therefore the ownership of that property is not now before this court.

Without ruling, the court observes that the parties should specifically address the question of whether there are material issues of fact in the matter *sub judice* as to the interests of the parties in the parish real properties, including, *inter alia,* when the properties were acquired, who negotiated their acquisition, how they were acquired, whose monies was utilized to acquire those properties, and how the acquired properties were titled.   The Bankruptcy Court did not set forth in its Opinion the basis, if any, for finding that there were no disputed material facts as to the real property.  As observed, the Bankruptcy Court did find there were disputed material facts as to the personal property.

Therefore, on or before March 15, 2006, the Debtor Diocese and the Association of Parishes shall serve and file a joint brief on appeal of the Bankruptcy Court's Summary Judgment rulings, referring, *inter alia,* by reference to arguments they raised in Bankruptcy Court pleadings concerning disputed or undisputed material facts and any additional  authorities supporting their positions.  The opening brief shall not to exceed 20 pages .

The Committee and Mr. Shea shall file and serve a joint response, including reference to the Bankruptcy Court pleadings, not to exceed 20 pages, within 30 days from the date of receipt electronically of the appellants' opening brief. The Diocese and Parishes shall file and serve their joint reply, including reference to Bankruptcy Court

pleadings, not to exceed 10 pages, within 20 days from the date of receipt of the response.

Any party requesting oral argument shall file a request therefore and shall contact Margaret Buckner at (509) 353-2180 to schedule a hearing date for argument if the court grants the request for oral argument.

**IT IS SO ORDERED.**  The Clerk is further directed to enter this Order and forward copies to counsel.

**DATED** this 24th day of January, 2006.


                    s/ Justin L. Quackenbush

                    JUSTIN L. QUACKENBUSH
                    SENIOR UNITED STATES DISTRICT JUDGE